IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AUTOZONE, INC., a Nevada )
corporation, and AUTOZONE PARTS, )
INC. (f/k/a Speedbar, Inc.), )
)
    Plaintiffs-counterdefendants, )
)
v. ) No. 03 C 8152
)
MICHAEL STRICK, an Illinois )
citizen, STRICK ENTERPRISES, )
INC., an Illinois corporation, )
and STRICK, INC., an Illinois )
corporation, )
)
    Defendants-counterclaimants. )

## MEMORANDUM OPINION AND ORDER

In this lawsuit, plaintiffs AutoZone, Inc. and a related entity alleged that defendants Michael Strick and related corporations infringed plaintiffs' Zone and AutoZone trademarks by using the names Oil Zone and Wash Zone for defendants' businesses. Defendants have pending counterclaims alleging that plaintiffs' Zone mark should be cancelled and that plaintiffs have infringed defendants' Oil Zone Illinois trademark. Plaintiffs alleged service mark and trademark infringement in violation of 15 U.S.C. § 1114(1); common law trade name infringement under Illinois law; unfair competition in violation

of 15 U.S.C. § 1125(a) and Illinois common law; and service mark and trademark dilution in violation of 15 U.S.C. § 1125(c). On December 7, 2006, this court granted defendant's summary judgment motion dismissing all of plaintiffs' claims. See AutoZone, Inc. v. Strick, 466 F. Supp. 2d 1034, 2006 WL 3626770 (N.D. Ill. Dec. 7, 2006). That order was entered on the docket on December 11, 2006. The primary basis for the ruling was the failure to show a likelihood of confusion. The dilution claim was dismissed for failure to show a likelihood of dilution. The order directed that the parties attempt to settle the remaining counterclaims, but, absent a settlement being reached, the parties were required to submit a proposed final pretrial order on January 10, 2007. See id. at *9.

On December 21, 2006, the parties moved to extend the date for filing the final pretrial order. They represented that they were attempting to resolve the remaining counterclaims. A status hearing was set for January 10, 2007 and the date for submission of the final pretrial order was extended to January 24, 2007. On January 10, the parties represented that they were unable to settle the counterclaims, but plaintiffs indicated they were inclined to move for entry of a Rule 54(b) judgment and for a stay of the counterclaims pending appeal. Plaintiffs were granted until January 17 to file that motion and

defendants were granted a week to file any opposition they might have. On January 17, plaintiffs filed their motion and supporting brief. Defendants have not opposed the motion.

In 1972, the Seventh Circuit stated:

> The potential for abuse inherent in condoning [delays in filing Rule 54(b) motions] would be great. With those considerations in mind, we believe that to allow plaintiffs to proceed with this appeal, having dilatorily sought a Rule 54(b) determination without any excuse for the delay, would be to erect an unnecessary disparity between timeliness requirements for appeals before and appeals after the ultimate termination of a lawsuit in the trial court. We hold, therefore, that as a general rule it is an abuse of discretion for a district judge to grant a motion for a Rule 54(b) order when the motion is filed more than thirty days after the entry of the adjudication to which it relates. There may be of course cases of extreme hardship where dilatoriness is not occasioned by neglect or carelessness in which the application of this general rule might be abrogated in the interest of justice. Those occasions ought, however, to be extremely rare.

Schaeffer v. First National Bank of Lincolnwood, 465 F.2d 234, 236 (7th Cir. 1972). Although some litigants have argued that Schaeffer is no longer good law, district courts in this circuit have continued to follow it. See Heath v. Wal-Mart Stores, Inc., 2001 WL 58600 (S.D. Ind. Jan. 23, 2001); United States v. Smith, 186 F.R.D. 505 (N.D. Ind. 1999); C & F Packing Co. v. IBP, Inc., 1994 WL 484630 (N.D. Ill. Sept. 2, 1994).

Here, on the thirtieth day after entry of the order granting summary judgment, plaintiffs orally notified the court that they were likely to seek Rule 54(b) certification. However, they did not actually file that motion until a week later. Plaintiffs do not present any extreme hardship justifying the delay. Therefore, it would be an abuse of discretion to grant Rule 54(b) certification.

Even if Schaeffer's bright line rule were not to be followed, the delay in bringing the motion would be a factor that militates against finding that an urgency (no just reason for delay) exists that would justify entering a partial judgment at this time. In any event, this court would otherwise find that this is not an appropriate case for Rule 54(b) certification.

An order pursuant to Rule 54(b) requires a finding "that there is no just reason for delay." Fed. R. Civ. P. 54(b). In the present situation, there must be a distinct claim that has been fully resolved with respect to all parties. Lottie v. West American Insurance Co., of Ohio Casualty Group of Insurance Cos., 408 F.3d 935, 938 (7th Cir. 2005) (quoting Factory Mutual Insurance Co. v. Bobst Group USA, Inc., 392 F.3d 922, 924 (7th Cir. 2004)). The Seventh Circuit has "insisted that Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those remaining in the district court." Lottie, 408 F.3d at 938-39.

> Rule 54(b) is not intended to provide an option
> to the district court to certify issues for
> interlocutory appeal. Factory Mutual, 392 F.3d
> at 924. Rather, Rule 54(b) allows appeal without
> delay of claims that are truly separate and
> distinct from those that remain pending in the
> district court, where "separate" means having
> minimal factual overlap. Continental Cas.
> [Co. v. Anderson Excavating & Wrecking Co.],
> 189 F.3d [512], 516 [(7th Cir. 1999)]. See also
> Ty, Inc. v. Publications Int'l Ltd., 292 F.3d
> 512, 515 (7th Cir. 2002), cert. denied. denied,
> 537 U.S. 1110 (2003) ("separate" in the Rule
> 54(b) context does not mean arising under a
> different statute or legal doctrine but rather
> means involving different facts); Horwitz v.
> Alloy Auto. Co., 957 F.2d 1431, 1434 (7th Cir.
> 1992) (if there is a great deal of factual or
> legal overlap between counts, they are considered
> the same claim for Rule 54(b) purposes).
>> The test for separate claims under the rule
>> is whether the claim that is contended to be
>> separate so overlaps the claim or claims
>> that have been retained for trial that if
>> the latter were to give rise to a separate
>> appeal at the end of the case the court
>> would have to go over the same ground that
>> it had covered in the first appeal.
> Lawyers Title Ins. Corp. v. Dearborn Title Corp.,
> 118 F.3d 1157, 1162 (7th Cir. 1997).

Lottie, 408 F.3d at 939.

One of the counterclaims seeks cancellation of plaintiffs' Zone mark. While the summary judgment ruling focused on plaintiffs' AutoZone mark, the claims that were dismissed were also based on the Zone mark. Success on this counterclaim would moot any of plaintiff's claims as to Zone. Although the remaining counterclaims concern violation of defendants' Oil Zone mark and do not concern plaintiffs' marks, plaintiffs' complaint

alleged that defendants' use of Oil Zone violated its mark. Therefore many of the facts concerning defendants' Oil Zone business that were pertinent to plaintiffs' claims will also be pertinent to defendants' counterclaim. There is substantial factual overlap between plaintiffs' dismissed claims and the remaining counterclaims. This is not an appropriate case for Rule 54(b) certification.

IT IS THEREFORE ORDERED that plaintiffs' motion for entry of judgment under Rule 54(b) [100] is denied. In open court on March 28, 2007 at 11:00 a.m., the parties shall submit an original and one copy of a final pretrial order in full compliance with Local Rule 16.1 and Form Local Rule 16.1.1, including trial briefs, proposed voir dire questions, motions in limine with supporting briefs, proposed jury instructions, and proposed findings of fact and conclusions of law.

ENTER:

William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: MARCH \, 2007