MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUTOZONE, INC, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 03 C 8152 |
| v. | ) |
| | ) Judge John W. Darrah |
| MICHAEL STRICK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Bill of Costs. After prevailing at trial, Defendants have petitioned for an award of costs in the amount of $8,135.02 pursuant to Federal Rule of Civil Procedure 54(d). Plaintiffs filed a response, arguing that Defendants are entitled to recover only $1,973.00 For the reasons stated below, the Court awards Defendants costs in the amount of $4,754.36.

## LEGAL STANDARD

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed.R.Civ.P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters. There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). The Court presumes that the prevailing party is entitled to costs, and "the losing party bears the

1

burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

## COSTS TO BE TAXED

Defendants seek expenses for deposition transcripts and court reporter fees, daily trial transcripts, photocopying, exemplification, and witness fees. Plaintiffs object to the claimed costs on the basis that they are insufficiently supported by evidence, not recoverable under the law, or both. Specifically, Plaintiffs contend that except for two invoices, all other costs relating to disbursements for printing should be denied because Defendants have not shown their costs are reasonable or necessary. As for Defendants' costs relating to trial exhibits, Plaintiffs argue that the services provided are neither reasonable on their face nor necessarily incurred because the case was not tried before a jury. Each category of items is addressed in turn.

### *Deposition Transcript Fees*

Defendants request $1,853.60 for court reporters' fees incident to the depositions of Anthony Rose, Jr., Amy Clunan, Michael Strick, and Steven Kirby. Under Section 1920, plaintiffs may recover for copies necessarily obtained for use in the case. 28 U.S.C. § 1920(2); *see Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) (Court must consider whether the deposition was "reasonably necessary" to the case when taken). A court is to presume that deposition transcripts are reasonable and necessary unless the defendants show otherwise. *Movitz v. First Nat. Bank of Chicago*, 982 F.Supp. 571, 575 (N.D. Ill. 1997). Here, Defendants do not dispute that the depositions of the respective witnesses were necessary or reasonable.

Under Local Rule 54.1 (b), however, "the cost of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in

2

effect at that time." N.D. Ill. LR 54.1(d). The rate, then in effect, for original deposition transcripts is $3.30 per page. *See* United States District Court, Northern District of Illinois Maximum Transcript Rates (using rates established by Judicial Conference). Allowed rates for copies are $0.83 per page for the first copy to each party. Id. Other rates have been established for daily, hourly and expedited transcripts. That said, some of the specific costs requested are not recoverable.

The invoice for a condensed copy of Michael Strick's continued deposition transcript reflects a $2.10 per page charge. Charges above the allowable rate are not allowable. Therefore, Defendants may recover $93.79 for the copy (113 pages at a rate of $0.83 per copy).

In addition, some invoices reflect separate charges for items such as a condensed transcript, word index, expedited delivery and delivery/shipping/handling. Most of these additional charges are not recoverable absent some showing that they are reasonable and necessary. *See Harkins v. Riverboat Servs. Inc.*, 2003 WL 22317776 (N.D. Ill. Oct. 8, 2003) (delivery, shipping and handling costs are ordinary business expenses and not recoverable); *see also Hardy v. University of Illinois, Chicago*, 2002 WL 2022602 (N.D. Ill. Sept. 3, 2002); *see also Alexander v. CIT Tech. Fin. Serv.*, 222 F.Supp.2d 1087, 1090 (N.D. Ill. 2002); *Pruitt v. City of Chicago*, 2005 WL 2483355, at *2 (N.D. Ill. Oct. 5, 2005) ("As a general rule, a court should not award costs for condensed transcripts, indexes, and ASCH diskette copies of the transcripts unless the movant can show that the items were reasonably necessary for the litigation and not acquired for the attorneys' convenience."); *Ochana v. Flores*, 206 F.Supp.2d 941, 945 (N.D. Ill. 2002) (*Ochana*). Defendants have not demonstrated that these additional charges are reasonably necessary for the litigation, and they are denied.

Based on the above, $922.09 is awarded for deposition transcript costs. Defendants may recover $448.80 for the Rose deposition (136 pages of transcript at the rate of $3.30 per page); $231.00 for the Clunan deposition (70 pages of transcript at the rate of $3.30 per page); $93.79 for the Strick deposition (113 pages at a rate of $0.83 per copy); and $148.50 for the Kirby deposition (45 pages of transcript at the rate of $3.30 per page).

*Daily Trial Transcript Fees*

Defendants seek $387.00 for a copy of the trial proceedings. "The additional cost of daily trial transcripts is reasonable and necessary when they are necessary for, among other things, direct and cross-examination of witnesses and to respond to the opposing party's motions." *Vigortone Ag Prods., Inc. v. PM Ag Prods., Inc.*, 2004 WL 1899882 at *5 (N.D. Ill. Aug. 12, 2004) (*Vigortone*). The cost of daily transcripts has also been awarded where the trial was lengthy and complex. *See Ernst v. Anderson*, 2006 WL 163024 at *2 (N.D. Ill., Jan. 18, 2006) (*Ernst*).[1]

Here, incurring the cost of a daily transcript was reasonable and necessary. The parties were required to submit post-trial proposed findings of fact and briefs. Furthermore, cross-examination of certain witnesses whose credibility was questioned made a transcript of the trial testimony useful. As a result, the Court will award $387.00 in costs for the daily copy of the trial transcript.

---

[1] In determining whether to tax the additional cost of daily transcripts, this Court considered the following six factors: "(1) the length of the trial and the complexity of the issues, (2) whether a daily transcript was necessary to minimize disagreement over the testimony of witnesses, (3) whether proposed findings of fact were required, (4) whether the case involved expert witnesses whose cross-examination required knowledge of the exact wording of their previous testimony or that of any other witness, (5) the size of the claim, and (6) the importance of witness credibility." *Ernst*, 2006 WL 163024 at *2. (citation omitted).

4

*Photocopying*

Defendants request a total of $3,145.53 for photocopying costs. Section 1920(4) expressly authorizes "[f]ees for . . . copies of papers necessarily obtained for use in the case." That has been interpreted to include "copies attributable to discovery and the court's copies of pleadings, motions and memoranda." *Fait v. Hummel*, 2002 WL 31433424 at *5 (N.D. Ill. Oct 30, 2002) (*Fait*) (citation and internal quotations omitted). For documents filed with the court, only copies for the court and one copy for opposing counsel are considered necessary. *Ochana*, 206 F.Supp.2d at 946. The cost of additional copies made for the convenience of counsel is not recoverable. *Id.* The prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). However, it must "provide the best breakdown obtainable from retained records," (*id.*), and certainly enough information to allow the court to make a determination that the costs sought are, in fact, authorized by § 1920. "The court cannot award [the prevailing party's] copying costs without some confidence that the costs are properly recoverable." *Fait*, 2002 WL 31433424 at *5.

Plaintiffs argue, and the Court agrees, that Defendants have not described the nature of the documents copied or how they were used in the case. Defendants respond, in conclusory fashion, that the "printing costs were all reasonably and necessarily incurred for the defense of this litigation . . . spanning nearly seven years with voluminous discovery, an appeal and trial." (Defs.' Resp. at 1-2). Defendants support these costs with a total of 16 invoices that include, in relevant part, dates of copying, number of pages copied, and copying charge. (*See e.g.*, Bill of Costs at 10-23). However, with the exception of two "in-house copying charge sheet[s]" from

5

January 30, 2009, and February 6, 2009, (Bill of Costs at 19), the 14 remaining invoices fail to provide any explanation as to what documents were copied or for what purpose. Without such information, it is not possible to determine which copies were made for the court and opposing counsel and which were made solely for the purpose of attorney convenience. *See Angevine v. WaterSaver Faucet Co.*, No. 02 C 8114, 2003 WL 23019165 at *6 (N.D. Ill. Dec. 23, 2003) (limiting award of copying costs because conclusory statement that copying costs were necessary was not sufficient); *Vigortone*, 2004 WL 1899882 at *8 (stating that "[a] court . . . should deny photocopying costs where the prevailing party fails to address the purpose of the copies, whether multiple copies were made of the same documents, or what documents were copied.") (citation omitted)). Defendants have not provided a sufficient record to allow this Court to determine which outside copying costs are properly recoverable.

As for the in-house copying invoice from January 30, 2009, Defendants seek copying costs for 462 pages of both Plaintiffs' and Defendants' Motions *in Limine* and Trial Brief at the cost of $0.10 per copy. This cost was reasonable and necessary for trial. Similarly, the other in-house copying invoice reflects the charge of 357 pages of "financial reports from 2004-2007" at the cost of $0.10 per copy. This cost was reasonable and necessary for trial. Accordingly, these costs are recoverable.

Based on the above, Defendants are awarded $81.90 in photocopying costs.

*Exemplification*

Defendants seek $3,098.39 in expenditures for trial exhibits. Exemplification costs are recoverable under § 1920 as "long as the means of presentation furthers the illustrative purpose" of the exhibit. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000). While the statute does not define "exemplification," Seventh Circuit decisions have adopted an "expansive

definition" including "a wide variety of exhibits and demonstrative aids." *Id.* at 427. However, the cases draw the line "between the costs of conducting the research and analysis eventually reflected in the exhibit, and the cost of actually preparing the exhibit itself. The latter is deemed compensable while the former is not." *Id.* at 427 n. 5. As with photocopies, costs for exemplification are not awarded unless they were "necessarily obtained for use in the case." *Id.* at 428 (internal quotations omitted). Among the factors considered in evaluating the necessity of a particular type of exemplification is whether the nature and context of the information being presented genuinely called for the means of illustration that the party employed. *Id.*

In this trademark infringement case, in which the outcome was in large part dependent on the visual similarity between the parties' marks and stores, effective trial presentation of visual evidence in this regard was critical. The exhibits presented to the Court were informative and persuasive, particularly with regard to the differences and distinctions between the parties' trademarks and the nature of their use. Excluding costs for postage and shipping, the Court awards $3,092.87 for exemplification.

### *Uncontested Costs*

Plaintiffs have not objected to Defendants' request to recover: $233.00 for court reporter appearance fees and $37.50 in witness fees. The Court therefore taxes these costs.

## CONCLUSION

For the foregoing reasons, Defendants' Bill of Costs is granted in part and denied in part. Defendants are awarded the following costs: deposition fees of $922.09; daily transcript fees of $387.00; photocopying fees of $81.90; exemplification fees of $3,092.87; court reporter appearance fees of $233.00; and witness fees of $37.50. The total cost award is $4,754.36.

Date: June 9, 2010

JOHN W. DARRAH
United States District Court Judge